# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL A. LIBERTY; KIERAN J. DALE, KEYSTONE V PARTNERS, L.P., KEYSTONE VENTURE MANAGEMENT HOLDING, INC., KEYSTONE V MANAGEMENT CO., INC., JOHN R. REGAN, AND PETER E. LIGETI** | : | NO. 06-1030 |
| Defendants. | : | |

## SECOND AMENDED SCHEDULING ORDER

**AND NOW**, this 22nd day of August, 2007, upon consideration of the joint request of the parties for a ninety (90) day extension of all dates in this Court's Amended Scheduling Order of May 17, 2007,[1] and good cause appearing, **IT IS ORDERED** that the request of the parties for a ninety (90) day extension of all dates in this Court's Amended Scheduling Order of May 15, 2007, is **GRANTED**, and the case shall proceed on the following schedule:

**A.    DISCOVERY**

1. Initial Disclosure under Federal Rule of Civil Procedure 26(a)(1) has been completed.

All remaining discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by January 28, 2008;

---

[1] A copy of the letter/request of the parties dated August 14, 2007, shall be docketed by the Deputy Clerk.

2. The Court received and approved the joint report of the parties covering agreements on limitations on discovery pursuant to Federal Rule of Civil Procedure 26(b)(2);[2]

3. Discovery Disputes - In the event a discovery dispute arises which the parties are unable to resolve, the party seeking the discovery shall write the Court briefly setting forth the issues in dispute. The letter to the Court shall describe the issue in dispute without advocating. The opposing party or parties shall respond briefly with no detail and designate to the Court in writing the counsel who will handle the dispute. The Court then will either schedule a conference to resolve the issue, which may be held by telephone, or will set forth a schedule for briefing of the issue and oral argument, if necessary;

4. Deposition Guidelines - The parties are not required to follow all of the principles and guidelines set forth in <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D. Pa. 1993). The Court directs the parties to proceed with discovery in accordance with guidelines provided at the Pretrial Conference held on November 6, 2006. In addition, the parties may avail themselves of the Court's guidance as circumstances may suggest including, but not limited to, seeking advice with respect to the propriety of deposition questions during the course of the deposition by telephone conference;

5. On or before January 28, 2008, plaintiff shall identify and submit curriculum vitae for all expert witnesses on liability and damages. On or before March 5, 2008, plaintiff shall serve defendants with reports and/or responses to expert witness discovery for all such expert witnesses.

---

[2] A copy of the joint report dated November 29, 2006, approved by the Court, was docketed by the Deputy Clerk.

On or before March 19, 2008, defendants shall identify and submit curriculum vitae for all expert witnesses on liability and damages. On or before April 16, 2008, defendants shall serve plaintiff with reports and/or responses to expert witness discovery for all such expert witnesses;

6. Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses on liability and damages, serve opposing parties with details and/or documents covering the lay opinions of the Rule 701 witnesses; and,

7. Discovery depositions of expert witnesses may be taken between April 23, 2008, and May 20, 2008.

**B.    DISPOSITIVE MOTIONS AND <u>DAUBERT</u> MOTIONS**

1. Any motions for summary judgment or <u>Daubert</u> motions shall be filed and served on or before June 10, 2008. Responses to any such motions shall be filed and served on or before July 7, 2008. The parties are granted leave to file and serve replies on or before July 17, 2008; and,

2. Two copies of all such documents shall be served on the Court (Chambers, Room 12613) when the originals are filed.

**C.    TRIAL**

1. All trial exhibits shall be marked and exchanged on or before September 3, 2008;

2. All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

a. Plaintiff - on or before September 10, 2008.

b. Defendants - on or before September 17, 2008.

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers, Room 12613) when the original is filed;

3. The case will be placed on the Court's trial list on November 10, 2008;[3]

4. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the admissibility for any reason (except relevancy) of any evidence expected to be offered; or, (c) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection in their Pretrial Memorandum. Each objection shall describe with particularity the ground and the authority for the objection;

5. If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel <u>prior</u> <u>to</u> <u>trial</u> for such information. If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial;

6. Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of <u>any</u> <u>witness</u> whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness <u>will</u> <u>not</u> <u>be</u> <u>a</u> <u>ground</u> <u>to</u> <u>delay</u> the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, prior to the

---

[3]The case will be tried to a jury. The estimated trial time is four (4) to five (5) weeks.

4

commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith;

      7.  On or before October 1, 2008, the parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 12613) on or before that date.  The original shall be filed with the Clerk of the Court;

      8.  On or before October 1, 2008, each party shall submit to the Court (Chambers, Room 12613) two (2) copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with <u>pinpoint</u> citations of authority for each point (ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) motions <u>in limine</u> (excepting <u>Daubert</u> motions); and, (e) a trial memorandum on the legal issues involved in the case.  The originals shall be filed with the Clerk of the Court.

      If a model jury instruction taken, for instance, from O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, or Sand, <u>Modern Federal Jury Instructions</u> is submitted, the parties shall state whether the proposed jury instruction is unchanged or modified.  If a party modifies a model jury instruction the modification shall be set forth in the following manner:  additions shall be underlined and deletions shall be placed in brackets;

      9.  Objections to (a) proposed jury voir dire questions, (b) proposed jury instructions, and (c) proposed jury interrogatories, shall be filed and served on or before October 15, 2008.  Two (2) copies of each such document shall be served on the Court (Chambers, Room 12613) when the original is filed;

10. Responses to motions *in limine* shall be filed and served on or before October 15, 2008. Two (2) copies of the responses shall be served on the Court (Chambers, Room 12613) when the original is filed;

11. On or before October 1, 2008, the parties shall submit to the Court (Chambers, Room 12613) a joint written statement of the case for reading to the jury at the commencement of the trial which shall cover (a) a brief statement of the facts; (b) a brief statement of plaintiff's causes of action <u>and the essential elements of each cause of action</u>; and, (c) a brief statement of the defenses <u>and the essential elements of each affirmative defense</u>. The statement of the case shall not exceed three (3) pages in length; and,

12. At the commencement of trial, the Court should be supplied with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which shall briefly describe each exhibit.

**IT IS FURTHER ORDERED** that a Final Pretrial Conference is **SCHEDULED** for November 9, 2008, at 10:30 A.M., in Chambers (Room 12613), U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

The **AGENDA** for the Conference will be as follows:

    a. Narrowing the issues and evidence to be presented at trial.

    b. Presentation of evidence at trial.

    c. Stipulations designed to expedite the trial.

    d. Bifurcation of liability and damages issues.

    e. Scheduling the case for trial.

      f. Other trial-related matters.

      g. Settlement.

The parties are granted leave to add matters to the agenda by notice to the Court at least three (3) days before the Final Pretrial Conference.

**IT IS FURTHER ORDERED** that the parties, through counsel, shall jointly report to the Court in writing (letter to Chambers, Room 12613) on or before March 31, 2008, with respect to whether the case is settled. In the event the case is not settled on or before March 31, 2008, counsel shall include in their joint report a statement as to whether they believe a settlement conference before a magistrate judge, mediation under Local Civil Rule 53.3 and the Mediation Protocol Under Local Civil Rule 53.3, or some other form of alternative dispute resolution might be of assistance in resolving the case and, if so, on what form of alternative dispute resolution they agree and by what date they will be prepared to commence such proceedings.

**IT IS FURTHER ORDERED** that all contrary provisions of this Court's prior scheduling orders are **VACATED**.

                                              **BY THE COURT:**

                                       **/s/ Honorable Jan E. DuBois**
                                                **JAN E. DUBOIS, J.**