IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MICHAEL A. LIBERTY, et al.,

    Defendants.

Civil Action No.
06-1030 (JD)

FILED
JUN 09 2010
MICHAEL E. KUNZ, Cle
By_____Dep. Cle

## FINAL JUDGMENT AS TO DEFENDANT MICHAEL A. LIBERTY

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Michael A. Liberty ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, and from aiding and abetting violations of, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any

means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, and from aiding and abetting violations of, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] by using the mails and the means and instrumentalities of interstate commerce while acting as an investment adviser or, substantially assisting anyone else that uses the mails and the means and instrumentalities of interstate commerce while acting as an investment adviser:

(a) to employ devices, schemes and artifices to defraud advisory clients and prospective clients; or

(b) engage in transactions, practices and courses of business which operate as a fraud and deceit upon such clients and prospective clients.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $4,049,000, representing profits gained as a result of the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $1,907,935, for a total of $5,956,935. Based on Defendant's sworn representations in his financial Declaration and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty, and payment of all but $600,000 of the disgorgement and pre-judgment interest thereon is waived. Defendant shall pay that portion of disgorgement and pre-judgment interest not hereby waived, which totals

$600,000, in the manner provided for in paragraph V of this Final Judgment. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The determination not to impose a civil penalty and to waive payment of all but $600,000 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's financial Declaration. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

4

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay that portion of the disgorgement and pre-judgment interest not waived pursuant to paragraph IV of this Final Judgment, which totals $600,000, in seven installments according to the following schedule: (1) an initial payment of $100,000 within ten days of entry of this Final Judgment; (2) a payment of $75,000 within six months of entry of this Final Judgment; (3) a payment of $75,000 within 12 months of entry of this Final Judgment; (4) a payment of $75,000 within 18 months of entry of this Final Judgment; (5) a payment of $75,000 within 24 months of entry of this Final Judgment; (6) a payment of $100,000 within 30 months of entry of this Final Judgment; and (7) a payment of $100,000 within 36 months of entry of this Final Judgment.

Defendant shall make the foregoing payments by check payable to the Clerk of the Court, and shall include with each such payment a cover letter identifying Michael A. Liberty as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel and Defendant's counsel in this action. By making such payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds and any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee

equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

If Defendant fails to make any payment by the date agreed and/or in the amount prescribed by the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court, except that the Commission's staff may, in its sole discretion and for good cause shown, extend the time for Defendant to make any of the payments set forth above.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: JUNE 9, 2010

_Jan E. DuBois_
UNITED STATES DISTRICT JUDGE