**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE** | : | |
| **COMMISSION,** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 06-1030** |
| | : | |
| **MICHAEL A. LIBERTY, et al.** | : | |

McHUGH, J.                                                                                    May 25, 2022

<u>**MEMORANDUM**</u>

The SEC moves to amend the final judgment against Defendant Michael Liberty.  I have already granted the SEC's petition to find Liberty in contempt of the consent and judgment, ECF 64, 65, to which he had previously agreed in settlement of this action, ECF 180, 181.  My order reimposed disgorgement and civil penalties that were suspended as part of the initial settlement. The SEC's requested amendment would incorporate that recently issued contempt order into the final judgment and would set out more specific administrative and legal terms and conditions related to how the monies owed are to be enforced, paid, and disbursed. Pursuant to this Court's broad discretion to fashion equitable remedies for violations of the securities laws, I will grant the SEC's motion in part and enter an amended final judgment.

At the outset I note that "[o]nce the equity jurisdiction of the district court has been properly invoked by a showing of a securities law violation, the court possesses the necessary power to fashion an appropriate remedy." *Sec. & Exch. Comm'n v. Invs. Sec. Corp.*, 560 F.2d 561, 567 (3d Cir. 1977); *see also Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 391 (1970).  The SEC's proposed amended judgment effectively strikes Sections IV, V, and VI of the previous judgment, ECF 65, which respectively dealt with (IV) the original disgorgement, suspension of penalties, and the conditions of the suspension; (V) the method and schedule of the non-suspended disgorgement;

and (VI) the incorporation of the consent.  In their place, the SEC has proposed two new sections.[1]
ECF 182-1.  The first new section imposes the disgorgement, civil penalties, and post-judgment
interest ordered by the Court.[2]  It also updates the concrete mechanisms, either by physical
instrument or electronic funds transfer, that Liberty is instructed to use to pay these monies.  It
provides for the SEC's right to use all collection procedures authorized by the law to collect the
monies owed, and specifically mentions the SEC's right to move for civil contempt in this Court
to enforce non-payment.  Notably, it includes a provision that deters Liberty from arguing that
compensatory damages in related private cases should be offset by the disgorgement or civil
penalties here, by permitting the SEC to seek payment in this Court to recoup any offsets awarded
in other courts.  And, finally, it includes the creation of a fund to collect the civil penalties.  Another
new section addresses discharge under the Bankruptcy Code.

Liberty's principal objection is that the original consent and judgment precludes the relief
the SEC seeks here.  In his view, the SEC is limited to seeking the reimposition of the
disgorgement, interest, and civil penalties, and the Court lacks power to entertain any request
beyond that.  ECF 185.  The SEC has replied with ample legal authority for its position.  ECF 187.
Considering this Court's "broad equitable power to fashion appropriate remedies" here, *SEC v.
First Jersey Securities, Inc.*, 101 F.3d 121, 127 (2d Cir. 2011), I conclude that the SEC's request
to amend the final judgment is proper and that I have the power to adopt the remedies here to
ensure compliance and advance the public interest.  As noted, most of the SEC's requested

---

[1] The SEC has numbered these sections IV and XVII, and has numbered the previous Section VII,
related to the Court's maintenance of jurisdiction, as Section XVIII.  In the amended order that will be
entered, these numbers will be corrected to run sequentially.

[2] In Liberty's objection, he contested the interest figure because the SEC didn't show its work in
accordance with the Court's order.  The SEC, it its reply, provides an affidavit with exhibits from an agency
CPA that provides what I find to be an adequate basis for the SEC's interest figure.  *See* Lewis Decl., ECF
187-1; Exhibit to Lewis Decl., ECF 187-2.

amendments pertain to the mechanisms of payment and means of enforcement.[3]   While these amendments do not increase, in any material way, the burden on Liberty, some of them are more properly addressed at the time of enforcement and the amended final judgment is tailored accordingly.

Liberty more specifically objects to the civil contempt provision.  ECF 185 at 3 n.2.  As a general matter, the proper remedy for failure to pay a money judgment is a writ of execution, not an order of contempt.  *See, e.g., S Combs v. Ryan's Coal Co.,* 785 F.2d 970, 980 (11th Cir. 1986).  At the same time, F.R.C.P. 69(a)(1) recognizes a court's power to direct enforcement of a judgment awarding monetary relief by another means: "A money judgment is enforced by a writ of execution, unless the court directs otherwise."   And the power of a federal court to enforce equitable orders is broad: "[t]here can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.,* 950 F.2d 1525, 1529-30 (11th Cir. 1992).  For present purposes, I do not find it appropriate to endorse contempt as an automatic sanction for non-payment of either the disgorgement or the civil penalties, without at this juncture necessarily precluding the SEC from seeking a contempt order if warranted by Mr. Liberty's conduct.

Liberty also objects to the bankruptcy provision.  ECF 185 at 3 n.2.  Although I believe the SEC is likely correct that these debts will fall squarely within the discharge exception in 11 U.S.C. § 523(a)(19), that is a matter for a bankruptcy court to determine and it is not properly the subject of an order here.

---

[3] Liberty does not specifically contest the SEC's creation of a fund for managing and disbursing the civil penalties, and it is not clear on what grounds he could.

Finally, although Liberty does not specifically address the offset provision, I conclude that it furthers the public interest by ensuring that any private parties with claims can be appropriately compensated for their injuries if caused by Liberty's violations of federal securities laws.[4]

For these reasons I will grant the SEC's motion in part and enter an amended final judgment.

/s/ Gerald Austin McHugh
United States District Judge

---

[4] As a practical matter, given that this case was originally filed in 2006, it seems unlikely that any viable claims remain to be litigated that would be subject to the offset provision.