IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| v. | : : | CIVIL ACTION No. 06-1030 |
| MICHAEL A. LIBERTY, et al. | : : | |

**AMENDED FINAL JUDGMENT AS TO DEFENDANT MICHAEL LIBERTY**

This 25th day of May, 2022, the Court, having entered a Consent and Judgment on the record against Defendant, Michael A. Liberty ("Defendant" or "Liberty"), ECF 64 and 65, which suspended a portion of disgorgement and prejudgment interest owed by Liberty and the assessment of a penalty against him; the Securities and Exchange Commission ("Commission") having filed a Motion for an Order requiring Defendant to Pay the Unpaid Portion of Disgorgement, Prejudgment Interest, Post-judgment Interest Thereon and the Maximum Civil Penalty Available Under the Law, Plus Post-judgment Interest Thereon, ECF 83; the parties having conducted extensive discovery and briefing on these issues; and the Court having granted the SEC's petition, ECF 180 and 181, the Court hereby **GRANTS** the Commission's Motion for Entry of an Amended Final Judgment, ECF 182, and finds that an **AMENDED FINAL JUDGMENT** should be and does hereby issue for the following relief:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Amended Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Amended Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys in fact, and all persons in active concert or participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, and from aiding and abetting violations of, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] by using the mails and the means and instrumentalities of interstate commerce while acting as an investment adviser or, substantially assisting anyone else that uses the mails and the means and instrumentalities of interstate commerce while acting as an investment adviser:

    (a)    to employ devices, schemes and artifices to defraud advisory clients and prospective clients; or

    (b)    engage in transactions, practices and courses of business which operate as a fraud and deceit upon such clients and prospective clients.

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for reinstated disgorgement of $5,356,335 representing net profits gained as a result of the conduct alleged in the Complaint, together with post-judgment interest thereon through March 7, 2022, of $230,864.47, for a total of $5,587,199.47. Defendant is further liable for a reinstated civil penalty in the amount of $4,049,000, together with post-judgment interest thereon through March 7, 2022, of $174,516.79, for a total of $4,223,516.79, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §78u(d)(3). Defendant shall satisfy these obligations by paying a total of $9,810,716.26 to the Securities and Exchange Commission within 30 days after entry of this Amended Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Liberty's name as a defendant in this action; and specifying that payment is made pursuant to this Amended Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making any payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's Amended Judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law.

The Commission may enforce the Court's Amended Final Judgment for penalties by the use of all collection procedures authorized by law.  Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Amended Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty

Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Amended Final Judgment.

/s/ Gerald Austin McHugh
United States District Judge